IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LIVERAMP, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>KOCHAVA, INC.,<br><br>          Defendant. | Case No.  19-cv-02158-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS** |

      This motion is the latest salvo in an ongoing dispute between LiveRamp, Inc. and Kochava, Inc. over the rights to the mark IDENTITYLINK.  LiveRamp takes aim at two of Kochava's several counterclaims.  The motion to dismiss is granted without prejudice as to Kochava's claim for cancellation of LiveRamp's trademark registration based on fraud in the procurement, because Kochava does not adequately allege that LiveRamp knowingly made a false statement of material fact when it filed its trademark application for the LIVERAMP IDENTITYLINK mark.  The motion to dismiss is denied as to Kochava's counterclaim for violation of California's Unfair Competition Law, because Kochava adequately alleges that it suffered economic injury.

## I.      BACKGROUND

      According to its court filings, "LiveRamp is a global technology company with a vision to power a world where connected data makes every experience exceptional.  LiveRamp offers for sale in commerce an identity resolution service leveraged by brands and their partners to deliver innovative marketing and exceptional experiences across marketing channels."  Compl. (dkt. 1) ¶ 3.  Kochava is a "digital advertising analytics company" that sells services related to video

United States District Court
Northern District of California

gaming and fraud prevention.  Id. ¶ 4.

This dispute revolves around the mark IDENTITYLINK.  According to Kochava, it has used the IDENTITYLINK mark to describe "online software services for identifying consumers across marketing channels and improving the effectiveness of marketing efforts" since at least August 17, 2012.  Counterclaims (dkt. 74) ¶ 7.  Kochava alleges that it has used the IDENTITYLINK mark continuously since that time, investing substantial resources in the mark and the services it describes.  Id. ¶¶ 8–9.  And it alleges that the mark and its associated services have been featured in mobile marketing industry publications.  Id. ¶ 10.

Kochava was therefore surprised to learn during a 2016 business meeting that LiveRamp was offering similar services under the IDENTITYLINK mark.  Id. ¶ 14.  Kochava's CEO, Charles Manning, informed LiveRamp that Kochava was using the same mark to identify similar services.[1]  Id.

LiveRamp nevertheless proceeded to use the IDENTITYLINK mark in advertising.  Id. ¶ 15.  It also filed a trademark application (the "'607 Application") for the mark LIVERAMP IDENTITYLINK in connection with a class of services similar to those sold by Kochava.  Id. ¶ 17.  The '607 Application was granted on November 13, 2018.  Id. ¶ 21.

On April 22, 2019, LiveRamp filed the instant action seeking a declaratory judgment of non-infringement and injunctive relief.  Compl. at 13–14.  Kochava responded with various counterclaims, including for trademark infringement, cancellation of LiveRamp's trademark registration, and violation of the UCL.  See Counterclaims ¶¶ 31–82.  The counterclaims for cancellation and violation of the UCL are the subjects of the instant motion to dismiss.  See Mot. at 2.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim for relief may be dismissed

---

[1]  LiveRamp cites Manning's deposition, which was taken in connection with a motion to dismiss for lack of personal jurisdiction, to dispute Kochava's characterization of the encounter.  Mot. (dkt. 76) at 8 n.3.  As Kochava correctly points out, Opp'n (dkt. 79) at 2–3, it would be improper to consider this evidence on a motion to dismiss, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  LiveRamp does not dispute this point.  Reply (dkt. 80) at 6 n.3

United States District Court
Northern District of California

United States District Court
Northern District of California

1    for failure to state a claim upon which relief may be granted.  Dismissal may be based on either

2    "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

3    legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019).  A

4    pleading must allege "enough facts to state a claim to relief that is plausible on its face."  Ashcroft

5    v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

6    (2007)).  A claim is plausible "when [a party] pleads factual content that allows the court to draw

7    the reasonable inference that the [adverse party] is liable for the misconduct alleged."  Id.  When

8    evaluating a motion to dismiss, the Court "must presume all factual allegations of the [claim for

9    relief] to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v.

10   City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  "Courts must consider the [pleading] in

11   its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)

12   motions to dismiss, in particular, documents incorporated . . . by reference, and matters of which a

13   court may take judicial notice."  Tellabs, 551 U.S. at 322.

14        Claims for fraud must meet the pleading standard of Federal Rule of Civil Procedure 9(b),

15   which requires a party "alleging fraud or mistake [to] state with particularity the circumstances

16   constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) "requires . . . an account of the

17   time, place, and specific content of the false representations as well as the identities of the parties

18   to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal

19   quotation marks omitted).

20        If a court grants a motion to dismiss for failure to state a claim, it should "freely give leave

21   [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court nevertheless has

22   discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of

23   the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

24   prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

25   amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing

26   Foman v. Davis, 371 U.S. 178, 182 (1962)).

27

28

United States District Court
Northern District of California

## III.   DISCUSSION

LiveRamp argues that Kochava has failed to state a claim for cancellation based on fraud in the procurement of the LIVERAMP IDENTITYLINK mark and lacks standing to bring a claim under the UCL.  If Kochava's UCL claim is not dismissed, LiveRamp argues in the alternative that Kochava's request for disgorgement under the UCL should be stricken or dismissed.  See Mot. at 2.

### A.   Cancellation Based on Fraud

"Fraud in procurement of a trademark registration may be raised as a ground for cancellation in civil litigation."  Airwater Int'l Ltd. v. Schultz, 84 F. Supp. 3d 943, 951 (N.D. Cal. 2015) (quoting eCash Techs., Inc. v. Guagliardo, 127 F. Supp. 2d 1069, 1079 (C.D. Cal. 2000)).  "[T]he burden of proving that a party fraudulently procured a trademark registration is heavy." Robi v. Five Platters, Inc., 918 F.2d 1439, 1444 (9th Cir. 1990).  The parties agree that because this claim sounds in fraud Rule 9(b) applies.  Mot. at 5; Opp'n at 3.

But the parties dispute what elements Kochava must plead to successfully state a claim for cancellation based on fraud.  LiveRamp suggests the Court adopt the standard announced by the Trademark Trial and Appeal Board:

> To withstand a motion to dismiss, a plaintiff claiming that the declaration or oath in defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed, must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

Intellimedia Sports, Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d (BNA) 1203, 1206 (T.T.A.B. 1997). LiveRamp identifies one Central District of California decision that has adopted the TTAB's standard.  Mot. at 6 (citing Hana Fin., Inc. v. Hana Bank, 500 F. Supp. 2d 1228, 1234 (C.D. Cal. 2007)).

4

1    Kochava contends that the Ninth Circuit employs a slightly different formulation of the

2    elements of this claim, as recently explained by Judge Koh:

3           To allege a claim of cancellation based on fraud in the procurement,
            a party must allege: "(1) a false representation regarding a material
4           fact; (2) the registrant's knowledge or belief that the representation is
            false; (3) the registrant's intent to induce reliance upon the
5           misrepresentation; (4) actual, reasonable reliance on the
            misrepresentation; and (5) damages proximately caused by that
6           reliance."

7    AirWair, 84 F. Supp. 3d at 952 (quoting Hokto Kinoko Co. v. Concord Farms, Inc., 738 F.3d

8    1085, 1097 (9th Cir. 2013)).  Judge Koh declined to adopt the TTAB's statement of the pleading

9    standard, noting that the Ninth Circuit had reiterated its formulation of the elements of a fraud in

10   the procurement claim as recently as 2013.  Id. at 952 n.4 (citing Hokto Kinoko, 738 F.3d at

11   1097).  Her analysis demonstrates that Kochava has the better side of this argument.

12          Unfortunately for Kochava, AirWair also demonstrates that it has failed to meet the

13   applicable pleading standard.  Kochava identifies only one alleged "false representation regarding

14   a material fact" in the '607 Application: that "no other persons, except, if applicable, concurrent

15   users, have the right to use the mark in commerce, either in the identical form or in such near

16   resemblance as to be likely, when used on or in connection with the goods/services of such other

17   persons, to cause confusion or mistake, or to deceive."  Counterclaims ¶ 34.  In assessing a similar

18   false representation, Judge Koh held that "a trademark applicant must only disclose 'conflicting

19   rights' of another user 'which are clearly established' by, for instance, 'a court decree, by the

20   terms of a settlement, or by a registration.'"  Airwater, 84 F. Supp. 3d at 953 (quoting Rosso &

21   Mastracco, Inc. v. Giant Food Inc., 720 F.2d 1263, 1266 (Fed. Cir. 1983)).  There is no obligation

22   "to investigate and report all other possible users of an identical or confusingly similar mark."  Id.

23   (quoting Rosso, 720 F.2d at 1266).  It is therefore insufficient to allege only that the trademark

24   applicant was aware of and failed to disclose another party's use of the contested mark.  See id.

25          This rule makes sense.  There is a meaningful difference between representing that no

26   other party has "the right to use the mark in commerce," and representing that no other party is

27   using the mark in commerce.  Another party could be using the mark without the right to do so.

28   As such, the applicant does not necessarily know that another party has a right to use the mark in

United States District Court
Northern District of California

commerce merely because that other party is, in fact, using the mark.  And it would not be sensible to require trademark applicants to "investigate and report all other possible users" of their mark in order to avoid a possible claim for cancellation based on fraud.  See id.  That onerous requirement would be in serious tension with the Ninth Circuit's repeated observations that it should be difficult to prove fraud in the procurement.  See, e.g. Robi, 918 F.2d at 1444.  The Court will therefore follow AirWair rather than cases cited by Kochava which appear to hold that any trademark application that fails to disclose other users of the mark may be subject to a claim for cancellation based on fraud in the procurement.  See Opp'n at 6–7.

AirWair's logic is fatal to Kochava's claim for cancellation based on fraud in the procurement.  Kochava alleges that it used the disputed mark before LiveRamp and that LiveRamp was aware of that use, but not that its rights were clearly established such that LiveRamp would have known that Kochava had a right to use the mark.  Compare Opp'n at 7, 10 (citing Counterclaims ¶¶ 7–10, 13), with AirWai3r, 84 F. Supp. 3d at 953 (holding that superior rights are clearly established by, inter alia, a court decree, settlement, or registration).  The motion to dismiss is therefore granted as to the claim for cancellation based on fraud in the procurement. Because it is not clear that Kochava cannot salvage this claim by pleading additional facts, dismissal is without prejudice.  See Leadsinger, 512 F.3d at 532.

Finally, Kochava argues that regardless of whether it has sufficiently pled a claim for cancellation based on fraud in the procurement, it has adequately pled a claim for cancellation based on superior rights to the IDENTITYLINK mark.  Opp'n at 11–12.  LiveRamp does not disagree, so there is no need to reach this issue.

### B.   UCL

LiveRamp argues that Kochava lacks standing to bring a claim under the UCL and, in the alternative, that Kochava cannot seek disgorgement under that law.  Mot. at 10–13.

#### a.   Standing

A private plaintiff only has standing to bring a UCL claim if it "has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code

6

§ 17204.  Standing under the UCL is therefore limited to plaintiffs who have suffered economic harm, rendering it meaningfully narrower than Article III standing.  Kwikset Corp. v. Superior Court, 246 P.3d 877, 886 (Cal. 2011).  There are nonetheless "innumerable ways in which economic injury from unfair competition may be shown."  Id. at 885.  For example, "[a] plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary."  Id. at 885–86.  These examples are not exhaustive.  Id. at 886.

Kochava contends that it has standing to bring its UCL counterclaim because it alleges that it suffered "monetary damages" due to LiveRamp's trademark infringement and because that infringement diminished the value of and goodwill in Kochava's IDENTITYLINK mark.  Opp'n at 12 (citing Counterclaims ¶¶ 23, 28, 30).  Kochava's unexplained allegations of "monetary damages" are indeed too conclusory to demonstrate UCL standing.  See Counterclaims ¶ 30.  Whether the allegations of diminished trademark value demonstrate economic injury is a harder question, implicating an apparent intra-district split of authority.

At least one court in this district has rejected similar theories of economic injury.  See KEMA, Inc. v. Koperwhats, No. C 09-1587 MMC, 2010 WL 11417911, at *5 (N.D. Cal. Sept. 1, 2010) ("Plaintiffs' argument that trademark infringement and interference with customer relationships is sufficient to confer standing under the UCL is not supported by the cases to which they cite.").  But it appears that more decisions from this district have reached the opposite result, concluding that "[d]evaluation of a business's intellectual property or intangible business assets is sufficient to meet the injury requirements under § 17200."[2]  See, e.g. Rise Basketball Skill Dev., LLC v. K Mart Corp., No. 16-cv-04895-WHO, 2017 WL 2775030, at *5 (N.D. Cal. June 27, 2017).  And at least one decision of this Court endorses this position.  See JaM Cellars, Inc. v. Vintage Wine Estates, Inc., No. 17-cv-01133-CRB, 2017 WL 2535864, at *4 (N.D. Cal. June 12,

---

[2]  It may be significant that Kema, unlike decisions on the other side of the split, predates the California Supreme Court's relatively expansive interpretation of UCL standing in Kwikset.

United States District Court
Northern District of California

1   2017).  The Court therefore holds that Kochava has standing to bring its UCL claim.

2                    **b.      Disgorgement**

3          Restitution is the only monetary relief available under the UCL.  Cal. Bus. & Prof. Code

4   § 17203.  "The object of restitution is to restore the status quo by returning to the plaintiff funds in

5   which he or she has an ownership interest."  Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d

6   937, 947 (Cal. 2003).  Its purpose is to "compel[ ] a UCL defendant to return money obtained

7   through an unfair business practice to those persons in interest from whom the property was

8   taken."  Id.

9          Kochava insists that it is really seeking "'restitutionary disgorgement,' which is typified by

10  the situation where 'the disgorged money or property [came] from the prospective plaintiff in the

11  first instance.'"  Opp'n at 13 (citing Korea Supply Co., 63 P.3d at 1152).  Since this

12  characterization describes restitution, as defined by the California Supreme Court, this dispute

13  appears to be a semantic one.  The Court declines to strike Kochava's request for disgorgement,

14  but holds that Kochava is barred from seeking nonrestitutionary disgorgement.  See Korea Supply

15  Co., 63 P.3d at 1150–52.  LiveRamp does not appear to dispute that Kochava may seek restitution,

16  so it is unnecessary to reach that issue.

17  **IV.    CONCLUSION**

18         For the foregoing reasons, Kochava's claim for cancellation based on fraud in the

19  procurement is dismissed without prejudice, the motion to dismiss is denied as to Kochava's UCL

20  claim, and orders that Kochava may not seek nonrestitutionary disgorgement under the UCL.

21         **IT IS SO ORDERED.**

22         Dated: April 29, 2020

23  

24                                            CHARLES R. BREYER
                                              United States District Judge
25

26

27

28

United States District Court
Northern District of California